November 20, 1911.

---o---

## 5414.

(Court of Appeal, Parish of Orleans.)

### A. ADLER REALTY CO. vs. BLOCH BROTHERS.

Act 89 of 1886 creates no new privileges on crops but simply fixes the rank of privileges already granted by existing laws.

Appeal from the Civil District Court, Division "B."

Zachary Adler, for plaintiff and appellant.

Dart, Kernan & Dart, A. D. Danziger, Attorneys.

ST. PAUL, J.—The sole question herein presented is whether or not the privilege of the lessor upon the crop raised on the leased premises, or the proceeds thereof, continues beyond the period of fifteen days after the removal of said crop from the leased premises.

Under the Civil Code it undoubtedly does not, but expires at the same time as the right of pledge, leaving the lessor thereafter but an ordinary creditor . **Farnet vs Creditors, 8 An. 372; Conrad vs. Patzelt, 29 An. 471.** So that it only remains to be seen whether this has been changed by special legislation.

Appellant urges that Act 89 of 1886 affects such a change, but an examination of that act shows that it creates no new privilege in favor of the lessor upon the crop raised on the leased premises, but on the contrary simply fixes the rank of the different privileges "**granted by existing laws.**"

Hence the lessor's privilege on the crop comes exclusively from the Civil Code, and under the authorities above cited, that privilege is lost when the lessor has allowed more than fifteen days to elapse, after the removal of the crop, without taking steps to enforce his right of pledge.

We find nothing in **Carroll vs. Bancker, 43 An., 1194.** (on rehearing) in conflict with, or to be distinguished from these views; on the contrary, that case seems to be in entire accord with what is here held. As to expressions in **O'Kelly vs. Ferguson, 49 An., 1231,** relied upon by appellant, they are clearly **obiter dicta** and hence not to be followed in the face of prior adjudications clearly holding different views.

The judgment herein appealed from appears to us correct.

Judgment affirmed.

November, 20th, 1911.

Rehearing refused, Dec. 4, 1911.

Decree Supreme Court, writ denied.

January 3, 1912.